**In re Russell Henry GIBSON, Pamela Ann Gibson, Debtors.**

**Barbara J. BROOKMAN, Plaintiff,**

**v.**

**Pamela Ann GIBSON, Defendant.**

**Bankruptcy No. 86 B 12421 J.**

**Adv. No. 87 J 0282.**

United States Bankruptcy Court, D. Colorado.

Sept. 21, 1987.

R. Russell Anson, Greeley, Colo., for plaintiff.

Michael E. Lajoie, Westminster, Colo., for defendant.

## MEMORANDUM AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge, Sitting by Designation.

This matter comes before the Court upon Plaintiff's Complaint To Determine Dis-

---

chargeability of debt incurred for accounting fees. The facts of the case are not complicated and in large measure they are subject to a stipulation by the parties.

## FACTS

The Plaintiff employed the Defendant as her bookkeeper in her real estate sales and management business. When the real estate commission notified Plaintiff of an unscheduled audit of her business accounts, Defendant advised Plaintiff that she had committed an act described in 11 U.S.C. § 523(a)(4).[1] After this disclosure the Defendant submitted to Plaintiff written information assisting Plaintiff in substantiating the amounts and transactions affected. Plaintiff employed a certified public accountant to perform an audit of her books of record to verify the sums involved and correctly reconcile her business records.

The accountant performed her assignment and the parties determined the amount which was due Plaintiff. This amount was paid in full to Plaintiff by the Defendant. The Defendant thereafter filed her petition under Chapter 7 of the Bankruptcy Code and the Plaintiff brought this action to contest the dischargeability of the accounting fees incurred[2] by her as a result of the acts committed by Defendant. At the hearing, the parties stipulated that the accountant's fees were reasonable and necessary.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. § 1334, 151 and 157. This is a "core proceeding", which the court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(I).

## DISCUSSION

Section 523(a)(4) of the Bankruptcy Code clearly provides for the nondischargeability of a primary debt for acts which fall within the categories of fraud, defalcation, embezzlement, or larceny. The question in this case, however, is whether this nondischargeability extends to an ancillary expense arising from the "bad act", such as the cost of an audit or accounting which was incurred by the Plaintiff in this case.

This Court's inquiry into the extent of the application of Section 523(a)(4) begins with a general examination of the purpose of Section 523 within the context of the Bankruptcy Code. "An overview of the Bankruptcy Reform Act of 1978 and its predecessor discloses the congressional intent 'to relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh ...'" *In re Fasulo*, 25 B.R. 583, 585 (Bankr.D.Conn.1982); quoting, *Williams v. U.S. Fidelity Co.*, 236 U.S. 549, 554–555, 35 S.Ct. 289, 290, 59 L.Ed. 713 (1915). Within this general framework "Congress established a fraud exception to discharge 'to discourage fraudulent conduct and to ensure that relief intended for honest debtors does not inure to the benefit of the dishonest.'" *In re Hunter*, 771 F.2d 1126, 1130 (8th Cir. 1985); quoting, *In re Wilson*, 12 B.R. 363, 370 (Bankr.M.D.Tenn.1981). "When dishonesty is demonstrated with respect to a specific debt, the debtor 'is no longer entitled to the benefit of debtor rehabilitation policy considerations.'" *In re Hunter*, 771 F.2d at 1130; quoting, *In re Wilson*, 12 B.R. at 370.

A consideration of the extent of an exception to discharge must recognize the competing interests at work in the "dishon-

---

**1.** Although the Plaintiff alleged that Defendant had embezzled funds of approximately $5,000, the parties stipulated only that Defendant had commited an act against Plaintiff of the nature described in Section 523(a)(4) of the Bankruptcy Code. Section 523(a)(4) states:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

**2.** The accountant fees billed to Plaintiff were $13,172.98 but were satisfied upon payment of $9,297.73 with the understanding that if Plaintiff recovered more than $9,297.73 from the Defendant, she would pay such additional amounts to the accountant up to a limit of $13,172.98.

est debtor" situation. Opposing the debtor's interest in obtaining a "fresh start" is the creditor's interest in removing the harm incurred as a result of the "dishonest debtor's" acts. Thus, based upon the theory that a wronged " 'party should be made whole' "; equity dictates that "when ... it has been determined that certain debts are excepted from discharge, courts should provide full relief to creditors." *In re Fasulo*, 25 B.R. at 585; *quoting, In re Taylor*, 8 B.R. 806, 811 (Bankr.D.D.C.1981). Keeping the debtor's interest in mind, the *Fasulo* Court stated that "in an 'effort to provide debtors with a meaningful fresh start, Congress limited exceptions to discharge to a relatively few categories of debt.' " *In re Fasulo*, 25 B.R. at 585; *quoting, In re Joseph Ciampi*, 14 B.R. 441, 443 (Bankr.D.Conn.1981). Based upon this congressional recognition of the competing interests, the *Fasulo* Court advises that "claims of nondischargeability of debts under sections 523(a)(2)(A) and 523(a)(4) should be examined with special care." *In re Fasulo*, 25 B.R. at 585.

In an attempt to relieve a creditor from the harm incurred and preserve the "fresh start" policy of the Code, courts have limited nondischargeability determinations to the actual expenses incurred by the creditor. "The discharge sections are an exception to the underlying policy of the Bankruptcy Code and are intended to compensate a plaintiff only for his actual damages." *In re Kwiat*, 62 B.R. 818 (Bankr.D. Mass.1986). The *Fasulo* Court notes a division in the "appropriate measure of relief to be afforded creditors when debts are found to be excepted from discharge due to fraud." *In re Fasulo*, 25 B.R. at 586. This Court adopts the "out of pocket" approach limiting "the creditor to a recovery of the actual loss sustained." *In re Fasulo*, 25 B.R. at 586.

We turn now to apply these principles to the specific issue of the nondischargeability of expenses incurred for an audit performed by the creditor upon learning of a debtor's misappropriation of monies. In a case substantially similar to this case a Bankruptcy Court in Wisconsin held that an audit performed by a "county register of deeds" after it learned that the debtor had misappropriated fees to that office "was limited to those fees which 'proximately flow from' the debtor's wrongdoing." *Matter of Loken*, 32 B.R. 205, 208 (Bankr.W.D.Wis.1983). By the use of this phrase the Court in *Loken* compensated the creditor for "reasonable" auditors' fees which were incurred, not solely in preparation of litigation, but "to ascertain the amount missing and to give the next register of deeds a benchmark from which to begin." *Matter of Loken*, 32 B.R. at 208.

This Court believes that Plaintiff herein is entitled to the actual cost of the accounting services performed after she learned of the Debtor's misappropriation of funds. The parties stipulated that the fees paid for the accounting were reasonable. The testimony revealed two purposes for which the audit was undertaken: (1) to determine: a) the precise amount taken; b) exactly how and from which funds it was taken; and (2) to restore the integrity of the Plaintiff's records. These purposes, just as those noted in the *Loken* case are aimed at discerning what, where, and how the creditor was harmed so that such harm may be rectified both monetarily and by correcting the Plaintiff's books and records.

This Court does not intend to generally approve the nondischargeability of all debts "flowing proximately from" a debtor's § 523(a)(4) violations. In this case however, the facts justify the inclusion of the actual expenses incurred for the audit within the scope of § 523(a)(4). Therefore, the $9,297.73 amount actually paid by the Plaintiff to the accountant for these services is held to be nondischargeable. An Order consistent with this Memorandum Opinion shall be issued simultaneously herewith.