In re AUXANO, INC., Debtor.

Wanda GERKEN, Plaintiff,

v.

Garland E. HARRIS, Evelyn L. Harris & ITT Financial Services, Defendants.

Bankruptcy No. 88–00606–C.
Adv. No. 88–0182–C.

United States Bankruptcy Court,
W.D. Missouri, C.D.

June 14, 1988.

James W. Riner, Jefferson City, Mo., for plaintiff.

Steven J. Bratten, Jefferson City, Mo., for debtor.

Norman W. Lampton, Columbia, Mo., for ITT Financial Services.

R. Max Humphreys, Jefferson City, Mo., for defendants Harris.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

The creditor here, Wanda Gerken, has brought this action in the Bankruptcy Court, although she has not named debtor or trustee in the action. Nevertheless, it is clear that the controversy arose under Title 11 because her complaint is based on § 548 of the Bankruptcy Code. (§ 548 is not listed in the complaint but is specified on the adversary proceeding cover sheet). An action before the Court to set aside a fraudulent transfer must be in the name of the bankruptcy estate as the real party in interest. *In re Curry and Sorensen, Inc.,* 57 B.R. 824 (Bkrtcy.App. 9th Cir.1986). When the adversary action is considered in this light it easily follows that this is a core proceeding. 28 U.S.C. § 157(b)(2)(B), (H) states that core proceedings including "proceedings to determine, avoid or recover fraudulent conveyances". As a result, it is proper for this Court to find that this adversary action is a core proceeding.

Section 548 states that a *trustee* may bring an action regarding fraudulent conveyances. The 8th Circuit case *Nebraska State Bank v. Jones, et al.,* 846 F.2d 477 (8th Cir.) affirms the position that the Bankruptcy Code does not give the creditor authority to directly pursue a cause of action for fraudulent conveyance. That case was transferred to the District Court after the adversary actions were filed by the creditor in the Bankruptcy Court. The adversary actions were based, not on § 548, but rather on Nebraska Uniform Fraudulent Conveyance Act. The reason the individual creditor may not be allowed to bring an adversary action is explained in *Matter of Monsour Medical Center,* 5 B.R. 715, 718 (Bkrtcy.W.D.Pa.1980) in a discussion of §§ 548 and 1103:

"These provisions do not absolutely preclude a creditor's standing to initiate suit. They limit a creditor's right to petition the Court for standing to sue on behalf of the trustee or debtor-in-possession. Thus, a creditor may not bring suit on his own behalf to avoid a preference or fraudulent transfer. The Code's stat-

utory scheme of vesting the primary responsibility of such actions with the trustee or debtor-in-possession is thereby protected so that a multiplicity of piecemeal litigation will not prevent the equitable settlement of the debtor's estate".

This discretionary power of the trustee to pursue fraudulent conveyances should only be reviewed for an abuse of discretion. *In re Curry and Sorensen, Inc.*, 57 B.R. 824 (Bkrtcy.App. 9th Cir.1986).

This Opinion shall constitute Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.