**In the Matter of Leroy FELDHAHN, Debtor.**

**Bankruptcy No. 87–1240–D J.**

United States Bankruptcy Court, S.D. Iowa.

Nov. 9, 1988.

Dan Childers, Cedar Rapids, Iowa, for debtor.

Linda R. Reade, Asst. U.S. Atty., Des Moines, Iowa, for U.S.

Barry M. Barash, Galesburg, Ill., for Bernadine Feldhahn, Paul J. Bieber, Davenport, Iowa, for Bank.

David P. Miller, Appeared on behalf of U.S. Trustee.

MEMORANDUM AND ORDER ON CREDITOR'S MOTION TO FILE AN ADVERSARY ON BEHALF OF DEBTOR TO AVOID LIEN

LEE M. JACKWIG, Chief Judge.

On September 12, 1988 the court conducted a hearing on the debtor's third amended disclosure statement. At the hearing, Barry M. Barash, counsel for creditor Bernadine Feldhahn, moved the court to allow Ms. Feldhahn to bring a preference action against Walcott Trust and Savings Bank (Bank). Among those present at the hearing were Paul J. Bieber who appeared for the Bank and David P. Miller who represented the United States Trustee. The aforementioned parties submitted the matter on briefs.

FACTS

On May 6, 1987 the debtor filed for protection under Chapter 11. Since then, the debtor has conducted his farming operation as a debtor in possession. One of the debtor's assets is a parcel of commercial property located in Davenport, Iowa and known as the "Brady Street" property. The debtor estimates that the fair market value of the property is $1,558,023.00. After certain estimated costs and fees for developing the property are subtracted, the value becomes $1,170,757.00.

Ms. Feldhahn filed a proof of claim showing that the debtor is obligated to her in the amount of $405,454.00. The Brady Street property serves as collateral for the obligation. Apparently there is no dispute that the Bank holds a superior mortgage interest in the property in at least the amount of $193,069.00. However, the debtor in its third amended disclosure statement indicates that the Bank is secured in a first position in the amount of $705,-695.00. Ms. Feldhahn contends that any amount of the Bank's lien exceeding $193,-069.00 either is inferior to her lien or resulted from a preferential transfer.

DISCUSSION

The question before the court is whether Ms. Feldhahn has standing under 11 U.S.C. section 547 to bring an action against the Bank. Section 547(b) provides in part that a *"trustee may avoid any transfer of an interest of the debtor in property. . . ."* (emphasis added). The powers possessed by a trustee enable the trustee to achieve equality of distribution among a debtor's unsecured creditors. *Delgado Oil Co., Inc. v. Torres*, 785 F.2d 857, 860 (10th Cir.1986). With certain exceptions not relevant here, the Code confers upon a debtor in possession the powers of a trustee. 11 U.S.C. section 1107. Ms. Feldhahn argues that she should be permitted to exercise the section 547 powers of a trustee or debtor in possession because the debtor will not pursue a section 547 action against the Bank.

Although Code sections 544, 545, 547 and 548 which deal with avoidance powers specify only that a trustee may pursue recovery, many courts have allowed Chapter 11 creditors' committees to bring such actions by operation of 11 U.S.C. section 1103(c), which requires an appointed committee to perform services consistent with the committee's representation of certain interests, and 11 U.S.C. section 1109(b), which permits parties in interest to raise, to appear and to be heard on any issue in a case under Chapter 11. *In re STN Enterprises, Inc.*, 73 B.R. 470, 486 (Bankr.D.Vt.1987); *Matter of Jermoo's Inc.*, 38 B.R. 197, 199 (Bankr.W.D.Wis.1984) and *In re Toledo Equipment Co., Inc.*, 35 B.R. 315, 319 (Bankr.N.D.Ohio 1983). The action brought by a creditors' committee must be of potential benefit to the estate, not just to the committee. *Toledo* at 319. The court must determine whether the failure by the trustee or the debtor in possession

to pursue a section 547 action is unjustifiable and, accordingly, an abuse of discretion. *In re Curry and Sorensen, Inc.,* 57 B.R. 824, 828 (9th Cir. BAP 1986); *Toledo* at 319.

■ Generally speaking, individual creditors can not exercise a trustee's avoidance powers. *In re Bridges,* 29 B.R. 716, 717 (Bankr.W.D.Ky.1983). A creditor holding an allowed unsecured claim lacks standing to avoid a transfer. *Matter of Milam,* 37 B.R. 865 (Bankr.N.D.Ga.1984). It is typically the trustee who should weigh the merits of the action, the likelihood of success, the litigation cost to the estate and the ultimate net benefit to the estate. *Milam* at 868. An aggrieved creditor may bring the failure of a debtor in possession to pursue a section 547 action to the court's attention by appropriate motion; however, the court must balance the competing interests and determine whether the initiation of such an action at that time would forward the reorganization effort or, to the contrary, work against it. *Curry* at 828. A creditor may not bring a suit in its own behalf to avoid a preference or fraudulent transfer. *Matter of Monsour Medical Center,* 5 B.R. 715, 718 (Bankr.W.D.Pa. 1980).

Although it was proper and in accordance with section 1109(b) for Ms. Feldhahn to bring her concerns to the attention of the court and the parties in interest, the court has found no persuasive authority that would permit Ms. Feldhahn to assume the role of the creditors' committee. Indeed, the facts of this case would mandate against permitting Ms. Feldhahn to file a section 547 action even if compelling legal precedent existed for such a maneuver by one creditor against another creditor.

Of major importance is the existence of a creditors' committee and their apparent disinterest to date in pursuing such an action. Additionally, Ms. Feldhahn's action, if permitted and successful, would benefit her in the first instance and perhaps only her. That is, her claim of $405,454.00 would move into second place behind the $193,069.00 superior mortgage interest of the Bank. The rest of the Bank's claim would then be satisfied from the remaining value of the Brady Street property and, if necessary, from its other collateral. Indeed, if the Brady Street property is worth $1,170,757.00, an equity cushion exists after the claims of the Bank and Ms. Feldhahn are considered. To the extent the value is less, Ms. Feldhahn would obviously benefit if she prevailed on the preference action.

Whether the estate and, in turn, unsecured creditors would likewise benefit from a successful preference action is questionable. To the extent the Bank could not satisfy its claim by resorting to its other collateral, it would become an unsecured creditor—increasing the total amount of unsecured claims. Moreover, due to the costs of litigation and, if allowed, the one-third contingent fee sought by Ms. Feldhahn's attorneys, the value of the "recovered" preference to the estate might be insignificant when compared with what unsecured creditors might realize on a pro rata basis under the present balance of debts and assets.

Finally, the court cannot overlook the obvious. Over the many months this case has been pending and throughout the numerous hearings, it has been Ms. Feldhahn who has contested virtually every move of the debtor. The recent plan and disclosure statement as well as the recent hearing reveal the debtor's continuing efforts in trying to work out agreeable terms with the various creditors—including those holding sizeable unsecured claims. Unless the consensus of the creditors' committee changes, this court can find no justification in law or in equity to allow Ms. Feldhahn to proceed with a section 547 complaint.

■ As an additional matter, the court notes that Ms. Feldhahn also moved the court at the time of the most recent disclosure statement hearing to direct that the Bank's assets be marshalled. Such a request must be brought as an adversary proceeding pursuant to Bankruptcy Rule 7001 *et seq., Matter of Mel–O–Gold, Inc.,* 88 B.R. 205 (Bankr.S.D.Iowa 1988). *See generally, In re Holywell Corp.,* 87 B.R. 712 (Bankr.S.D.Fla.1988); *Matter of Muir,* 89 B.R. 157 (Bankr.D.Kan.1988); *In re*

*Vermont Toy Works, Inc.,* 82 B.R. 258 (Bankr.D.Vt.1987). Accordingly, the court will not consider the marshalling request at this juncture. Likewise, Ms. Feldhahn's recent requests for discovery under an unfiled adversary case and caption are denied.

## ORDER

WHEREFORE, for the reasons set forth in the preceding memorandum, IT IS HEREBY ORDERED that:

1. Ms. Feldhahn's motion for leave to file an adversary proceeding pursuant to 11 U.S.C. section 547 is denied;

2. Ms. Feldhahn's motion for marshalling is denied as it is improperly cast; and

3. Ms. Feldhahn's pending requests for discovery are denied at this time.

IT IS FURTHER ORDERED that, insofar as the third amended disclosure statement was approved on September 20, 1988, the debtor proceed with noticing and balloting for a hearing on confirmation of the third amended plan.