**In re Mark J. HALLIWELL, Debtor.**

**Bankruptcy No. 3–91–01296.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

July 25, 1991.

W. Michael Conway, Dayton, Ohio, trustee.

Richard A. Boucher, Dayton, Ohio, for James Burdette, Quang Do, and Bichha Ho.

Ruth A. Slone, Dayton, Ohio, for debtor.

Robert Deddens, Oakwood, Ohio, for Quang Do and Bichha Ho.

DECISION ON ORDER GRANTING MOTION FOR EXTENSION OF TIME IN WHICH TO FILE COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR OR TO DISCHARGEABILITY OF DEBT

THOMAS F. WALDRON, Bankruptcy Judge.

This issue is before the court pursuant to a Motion For Extension Of Time In Which To File Complaint Objecting To Discharge Of Debtor Or To Dischargeability Of Debt (Doc. 23–1) and the debtor's Response To The Motion For Extension Of Time In Which To File Complaint Objecting To Discharge Of Debtor Or To Dischargeability Of Debt (Doc. 24–1).

Pursuant to a prior Order (Doc. 7), the last date to file a complaint objecting to discharge or to dischargeability of a debt was fixed as June 24, 1991. Thereafter, the parties entered into a Stipulated Extension Of Time In Which To File Complaint Objecting To Discharge Of Debtor (Doc. 21–1) which extended the time to July 5, 1991.

Although the record is not completely clear, it appears that the parties would not be able to reach agreement for any further extension of time beyond July 5, 1991. As a result, the chapter 7 trustee, and the creditors, James E. Burdette, Quang Do, and Bichha Ho, filed a Motion (Doc. 23–1) on June 28, 1991, requesting an extension of time to August 19, 1991. The debtor filed a Response (Doc. 24–1) requesting that the Motion (Doc. 23–1) be denied, or in the alternative that any extension be limited to July 31, 1991. Neither party requested oral argument; and, because the court believes that the disposition of these issues

requires prompt attention, the court will not order oral arguments (LBR 5.10).

As this court has previously noted, the tension that is presented by the issue in this case is created by two competing bankruptcy policy objectives—rewarding an honest debtor with a fresh start, which includes the benefits of a timely issued discharge, and recognizing debtor misconduct and dishonesty by denying a requested discharge or excepting a specific debt from discharge. *Matter of Sinder,* 102 B.R. 978, 988–89 (Bankr.S.D.Ohio 1989).

Upon review of the existing filings in this bankruptcy case, including the Motion (Doc. 23–1) and Response (Doc. 24–1), it appears that the debtor has either failed to completely disclose all available information in his possession or under his control which relates to discharge or dischargeability issues involving these creditors, or the debtor has failed to issue an affirmative statement that he does not have possession or control of the requested information. *Sinder,* 102 B.R. at 989–90.

Although the court believes that the creditors could have acted more promptly in attempting to obtain, either from the debtor or other entities, the information necessary to make an informed judgment as to whether or not to file a complaint, this delay, in the circumstances of this case, does not constitute a bar to the requested relief.

Based upon a review of the existing record in this case, the court is persuaded that some limited additional time should be granted to the creditors and that the creditors' request to extend the time until August 19, 1991, is reasonable.

The court further determines, however, that no additional extension of time will be granted in this case.

Accordingly, the Motion (Doc. 23–1) is GRANTED.

An order in accordance with this decision is simultaneously entered.

SO ORDERED.