**Marie V. KEYES**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION, et al.**

**Civ. A. No. 90–0607.**

United States District Court,
E.D. Pennsylvania.

April 4, 1991.

Richard Koelle, Mylotte, David & Fitzpatrick, Media, Pa., for plaintiff.

David E. Faust, Post & Schell, P.C., Philadelphia, Pa., for defendants.

## MEMORANDUM

LOWELL A. REED, Jr., District Judge.

Presently before the court is the timely motion of plaintiff, Marie V. Keyes (Document No. 22) to reconsider my order dated February 6, 1991 granting summary judgment in favor of defendant National Railroad Passenger Corporation (Amtrak), and all supporting and responsive papers 756 F.Supp. 863. I shall consider the motion as made pursuant to Fed.R.Civ.P. 59(e). For the reasons outlined below, the motion for reconsideration shall be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brought a negligence action against defendant Amtrak, among others, seeking damages for injuries she sustained when she slipped and fell on ice and snow while boarding defendant's train. Defendant filed a motion for summary judgment claiming it was not liable for ordinary negligence because plaintiff used her pass to obtain a free ticket and a condition for riding at a reduced fair was that Amtrak would not be liable for ordinary negligence. Plaintiff argued that state law applied and under Pennsylvania state law the liability limitations clause was unenforceable. Alternatively, plaintiff argued that even if federal law applied, the clause was still unenforceable because it did not provide proper notice of the limitation. Plaintiff reasoned that because the clause was contained on the mailer rather than on either the ticket or the pass, notice was insufficient to release Amtrak from liability. I concluded that because plaintiff was an interstate traveler and Amtrak was a federal corporation that commonly travels from state to state, federal law applied. I then noted that provisions limiting liability have been consistently upheld under federal law and held that plaintiff was, therefore, barred from recovering against Amtrak. In determining that plaintiff was engaged in interstate travel, I found that plaintiff's pass entitled her to unlimited interstate travel and she admitted in ¶¶ 17 and 18 of the complaint that she was engaged in interstate commerce at the time of the accident. In addition, although I was not legally obligated to consider the reasonableness of the clause under controlling law I did consider it using maritime law by analogy and found that the clause was not unreasonable because it was conspicuously placed on the mailer which contained special language, in bold letters, that the mailer should be held for further reference.[1]

Plaintiff now asks me to reconsider this decision. She makes the following arguments: (1) The decision was based on the reasonable notice standard applied to liability limitations provisions for sea-going vessels and under that standard courts uniformly require notice to appear on the face of the ticket, and since notice was not contained on the face of the ticket in this case it was not reasonable; and (2) the order was premised on "additional grounds" that federal law applied and this was established because of inconclusive evidence of intrastate travel and by cases applying to interstate travel. Plaintiff has since submitted an affidavit stating that she was traveling intrastate and now argues that Pennsylvania law, which does not support limitations on liability, should apply.

## DISCUSSION

■ It appears that plaintiff has misconstrued my opinion by her assertion that I relied on or adopted the reasonable communicative standard applied to liability limitations against sea-going vessels under 46 U.S.C.App. § 183b(a) in reaching the decision. To the contrary, I found that such consideration was unnecessary but under that standard notification was nevertheless reasonable. Courts have construed reasonableness standard under that statute to

---

**1.** For a more complete description of the mailer and overall facts of this case, see the memorandum accompanying my order dated February 6, 1991.

require the carrier to do all it can to notify passengers of the liability limitations, which generally requires notice to be boldly printed on the face of the ticket or clearly make reference on the face of the ticket to conditions contained elsewhere. *See Barbachym v. Costa Line, Inc.*, 713 F.2d 216, 219 (6th Cir.1983) (see cases cited therein); *Strauss v. Norwegian Caribbean Lines, Inc.*, 613 F.Supp. 5, 8 (E.D.Pa.1984). Plaintiff argues that defendant should have placed notification of liability limitation on the face of the ticket in this case. The facts and circumstances of cases involving sea-going vessels, however, are remarkably different than the case at bar. In the maritime cases the passengers were paying customers and not employees or retired employees traveling at a reduced fare. Courts, particularly concerned that carriers received the sole benefit of such limitations, were hesitant to enforce time limits restricting passenger recovery without requiring reasonable notice thereof to the passenger. *See, e.g., Barbachym*, 713 F.2d at 219. In addition, the time limitation would presumably apply to all passengers rather than a limited group and could therefore be easily printed on each ticket which would then be discarded after the voyage.

In this case, plaintiff had been a long time employee of Amtrak and had permanent possession of her pass. The pass was only available to a limited group, such as employees, and the same pass was used each time the holder obtained a ticket at a reduced fare. The mailer, enclosing the pass when originally sent to the plaintiff, set forth a list of 21 terms and conditions and contained clear language in large print that the mailer should be kept for future reference, presumably in light of the permanent nature of the pass. In addition, since plaintiff received the benefit of a gratuitous ticket she should have taken some degree of care to ascertain the conditions of that gratuity. The notification was reasonable under these circumstances. Therefore, although the communicative standard is useful here because it provides a framework to consider what is reasonable, the dissimilar factual circumstances between this situation and the situation involving passengers on sea-going vessels necessarily results in a different determination of what constitutes proper notice.

■ Plaintiff also asserts that I based my opinion on the "additional grounds" that the pass and its conditions were governed by federal law. In fact, it is the application of federal law which formed the fundamental basis of my decision and order. Plaintiff asserts that my reasoning was premised upon the absence of conclusive evidence that plaintiff was travelling intrastate.[2] Plaintiff now submits an affidavit stating that she was travelling at one point in Pennsylvania to another.

■ A party may only submit newly discovered evidence on a motion for reconsideration. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). Plaintiff has submitted no new evidence. She submitted her own affidavit containing information available prior to summary judgment. The affidavit should not be considered in determining the motion for reconsideration. *See id.* at 909. Even if I were to consider the affidavit in determining this motion, I find that it would not affect the outcome. Although I did consider the lack of clarity as to the scope of plaintiff's journey relevant to the applicability of federal law, it was by no means dispositive of the issue. More weighty than plaintiff's intention to travel intrastate, was the ability of plaintiff to travel interstate using the free pass, and the fact that Amtrak most commonly travels among the several states. I was also persuaded by Amtrak's argument that since Amtrak is a federal corporation engaged in interstate commerce, the application of a uniform federal law was compelling in this case. I conclude, therefore, that plaintiff's affidavit stating that she

---

**2.** Plaintiff had alleged in ¶¶ 17–18 of her complaint that she was engaged in interstate commerce but had stated in her unverified memorandum in opposition to the motion for summary judgment that she was travelling intrastate.

was travelling intrastate does not alter the result and federal case law is appropriate in this case.[3]

The purpose of a Rule 59(e) motion is to allow the court to reevaluate the basis for its decision. Rule 59(e) motions for reconsideration are appropriate when the court has made an error in interpreting facts or law or when there has been a significant change in the law or facts since the submission of the issue to the court. *Harsco Corp. v. Zlotnicki*, 779 F.2d at 909; *Desai v. Impacta*, No. 89–4817, slip op., 1991 WL 7706 (D.N.J. January 22, 1991). Motions for reconsideration are not at the disposal of an unsuccessful party to "rehash" the same arguments and facts previously presented. *Refrigeration Sales Co. v. Mitchell–Jackson, Inc.*, 605 F.Supp. 6, 8 (N.D.Ill.1983), *aff'd*, 770 F.2d 98 (7th Cir. 1985). Plaintiff has made no new arguments and provided no new information from which I have cause to reconsider my previous decision.[4]

CONCLUSION

For the above stated reasons, the motion of the plaintiff for reconsideration shall be denied.

---

3. Plaintiff also cites *Ketchum v. Denver & Rio Grande Western R. Co.*, 175 F.2d 69, 71 (10th Cir.1949) and *Sassaman v. Pennsylvania R. Co.*, 144 F.2d 950, 954 (3d Cir.1944) for the proposition that each appellate court questioned whether federal law would apply to intrastate travel using interstate passes. In each case, however, the court did not resolve the issue because the clause was enforceable under either federal law or that state law. Because the neither case resolved the issue or provided any meaningful discussion on the issue, I do not find these cases instructive.

4. *See Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D.Va.1977) ("Whatever may be the purpose of Rule 59(e) it ... [was not] ... intended to give the unhappy litigant one additional chance to sway the judge.").