**Stephen S. KNEPP, Plaintiff,**

v.

**Scott A. LANE, et al., Defendants.**

**No. 93–CV–4707.**

United States District Court,
E.D. Pennsylvania.

July 19, 1994.

Ellis M. Saull, King of Prussia, PA, for plaintiff.

Denise A. Kuhn, Office of Atty. Gen., Philadelphia, PA, for defendants.

1. The statute provides for a summary cease and desist order to be issued without notice or hearing. Within 30 days after receiving the order, the recipient may file a written request to rescind the order, whereupon a hearing will be scheduled. If no request to rescind is filed, the order becomes final. Here, plaintiff did not file a request to rescind.

## MEMORANDUM & ORDER

JOYNER, District Judge.

Before the Court are two motions: plaintiff's motion to amend or set aside this Court's judgment of April 19, 1994 pursuant to Fed.R.Civ.P. 59(e), and plaintiff's motion to amend his complaint pursuant to Fed. R.Civ.P. 15(a). In our previous judgment, we granted defendants' motion for judgment on the pleadings. *Knepp v. Lane*, 848 F.Supp. 1217 (E.D.Pa.1994). We have reviewed this decision in light of plaintiff's motions and memorandum, and defendants' answer thereto, and we deny plaintiff's motions for reasons that follow.

### Facts

For a more complete statement of the facts of this case, *see id.* at 1219–20. In brief, plaintiff was a licensed securities agent whose practice of selling certain certificates became the subject of an investigation by defendants, all of whom were employees of the Pennsylvania Securities Commission. Pursuant to the Pennsylvania Securities Act ("the Act"), 70 Pa.Cons.Stat.Ann. § 1–606(c. 1) (1994), defendants issued to plaintiff a summary order to cease and desist from selling the certificates in question.[1] Plaintiff's broker-agent, Chubb Securities, Inc., subsequently terminated its affiliation with plaintiff, in part because of the cease and desist order. Since, under the Act, a license is not effective without a broker-agent affiliation, plaintiff could not sell securities as a result of his termination by Chubb. *See* 70 Pa.Cons.Stat. § 1–301(b) (1994).

Plaintiff brought this action under 42 U.S.C. §§ 1983, 1985(a), alleging defendants' actions violated his procedural due process rights under the Fourteenth Amendment of the United States Constitution.[2] The right or liberty allegedly deprived without due pro-

2. Since only the due process aspect of our judgment of plaintiff's claim is challenged in plaintiff's motion for reconsideration, we have not summarized other aspects of the claim here. For such a summary, *see Knepp*, 848 F.Supp. at 1219–20.

cess of law was plaintiff's right as a licensed agent to sell securities in Pennsylvania.

### Plaintiff's Motion for Reconsideration

■ The purpose of a motion for reconsideration under Fed.R.Civ.P. 59(e) is to allow a court to reevaluate the basis for its decision. *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F.Supp. 277, 280 (E.D.Pa.1991) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). Such motions are appropriate when a court has made a manifest error of law or fact, when there has been a change in applicable law, or when newly discovered evidence arises. *Id.* Plaintiff does not challenge our statements of law and does not offer new evidence not previously available. Rather, plaintiff contends our opinion was based on a manifest error of fact.

■ In our previous opinion, we granted judgment on the pleadings on the ground that there had been no deprivation of any right protected by the Fourteenth Amendment. We wrote that "[p]laintiff continues to have the right to full use of his license." *Knepp*, 848 F.Supp. at 1221. Plaintiff argues that, since he does not presently have the ability under state law to sell securities due to his termination by Chubb, the above proposition renders our judgment erroneous.

Plaintiff's contention is incorrect because it is based on an overly broad interpretation of our usage of the word "right." A property or liberty right allegedly deprived in a Fourteenth Amendment procedural due process claim must be one that was "previously held under state law." *Paul v. Davis*, 424 U.S. 693, 708, 96 S.Ct. 1155, 1164, 47 L.Ed.2d 405 (1976). That is, the state action complained of must have affected some right or status as a matter of law; those interests that fall within the meaning of "liberty" or "property" "attain this constitutional status by virtue of the fact that they have been initially recognized and protected by state law, and we have repeatedly ruled that the procedural guarantees of the Fourteenth Amendment apply whenever the State seeks to remove or significantly alter that protected status." *Id.* at 711, 96 S.Ct. at 1165.

For example, in *Wisconsin v. Constantineau*, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971), the Supreme Court held unconstitutional a statute authorizing the "posting" of names of persons determined to have been "excessive drinkers." Under the statute, it was forbidden to sell or deliver alcoholic beverages to persons whose names had been posted. In a later interpretation of its holding in *Constantineau*, the *Paul* court found that due process issues were raised by the posting statute because posting "deprived the individual of a right previously held under state law—the right to purchase or obtain liquor in common with the rest of the citizenry." *Paul*, 424 U.S. at 708, 96 S.Ct. at 1164.

Our usage of the word "right," therefore, is consistent with its meaning in the context of Fourteenth Amendment procedural due process claims. With this meaning in mind, turning to the instant action, none of defendants' actions sought to remove or significantly alter any status of the plaintiff as defined or protected by state law. Admittedly, plaintiff subsequently lost the *ability* to sell securities, but this was because he was terminated by Chubb Securities, not because his state-granted license rights were infringed upon. Plaintiff was later deprived of his capacity to sell securities by separate events; at no point were his state-granted rights as an agent affected. In this sense, therefore, plaintiff continues to enjoy the right to use his license.

■ Plaintiff also contends that the actions of defendants caused his termination by Chubb. He argues that "[t]he termination ... was effected due to the actions of the [d]efendants, [d]efendants recognize that plaintiff, without a broker-dealer affiliation, cannot sell securities...." Again, we recognize that defendants' cease and desist order was at least partially responsible for Chubb's decision to terminate plaintiff; Chubb's notice of plaintiff's termination says as much. This is immaterial, however. For such a private action to be fairly attributable to state agents, "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible...." *Jordan*

*v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1265 (3d Cir.1994) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982)). *See also Hudson v. S.D. Warren Co.,* 665 F.Supp. 937 (D.Me.1987) (under *Lugar,* decision to discharge employee after police officer reported to employer that employee had been drinking on the job could not fairly be attributed to the officer, where the discharge decision was a private one).

Here, the deprivation that Chubb brought about in terminating plaintiff was the result of a private decision. Only Chubb had the authority to terminate plaintiff. The termination was not caused by any right or privilege created by the state, nor by any state rule or person for whom the state was responsible. Therefore, just as defendants' actions did not infringe upon plaintiff's constitutional rights, neither may Chubb's actions, which in fact produced the deprivation at the root of plaintiff's complaint, be attributed to the defendants, notwithstanding the apparent cause and effect connection that exists between defendants' and Chubb's actions.

*Plaintiff's Motion to Amend His Complaint*

Fed.R.Civ.P. 15(a) allows a party to amend its complaint as a matter of course. However, a court may consider such a motion made after final judgment only if the court first alters, vacates or sets aside the judgment. *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1111 (7th Cir.1984), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). Since we deny plaintiff's motion for reconsideration, we cannot consider his motion to amend his complaint and therefore deny the motion as moot.

Assuming, *arguendo,* that we were to consider and grant plaintiff's motion, however, the changes made to ¶ 33 of plaintiff's complaint still do not state a claim under 42 U.S.C. § 1983. Plaintiff merely expands his argument that his loss of affiliation due to his termination by Chubb Securities is somehow the equivalent of the deprivation of a right previously held under state law. As we have found, plaintiff's rights as licensed securities agent remained unchanged, and plaintiff's additional amendments do not convince this Court otherwise. Accordingly, we would grant defendant's motion to dismiss this action on the pleadings were we to consider plaintiff's complaint as he attempts to amend it here.

*Conclusion*

Upon review of our earlier judgment, we find no error of fact and plaintiff's motion to reconsider the action is therefore denied. Accordingly, plaintiff's motion to amend his complaint is denied as moot. An appropriate order follows.

*ORDER*

AND NOW, this 19th day of July, 1994, upon consideration of plaintiff's motion for reconsideration and defendants' responses thereto, it is hereby ORDERED that plaintiff's motion is DENIED. Accordingly, it is further ORDERED that plaintiff's motion to amend his complaint is DENIED as moot.