In re Francis Robert DOVE, Debtor.

Kevin R. HUENNEKENS,
Trustee, Plaintiff,

v.

Patricia GREENE, Defendant.

Bankruptcy No. 93–12280.
Adversary No. 95–1201.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Aug. 6, 1996.

Kevin R. Huennekens, Susan Elaine Sieger, Maloney, Barr & Huennekens, P.C., Richmond, Virginia, for the Chapter 7 Trustee.

Wendell Finner, Leitess & Associates, P.A., Baltimore, Maryland, for Defendant.

### MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Chief Judge.

The successor trustee, Kevin R. Huennekens, in this Chapter 7 proceeding, moves this Court for reconsideration of our August 15, 1995 order dismissing the adversary proceeding filed by the former trustee, Richard A. Bartl. Notwithstanding that the motion for reconsideration is nearly one year old, it was timely filed. Even more ironic is that although we dismissed this action as time barred nearly one year ago, it must now be reinstated. At the outset we note that it is the exception when circumstances such as those present in this case warrant reconsideration. However, in this case, the combination of a complicated procedural history, hearings before two courts and failure of the parties to proceed properly require us to reconsider our previous ruling and reinstate this proceeding.

### I. BACKGROUND.

On May 26, 1993, Francis R. Dove ("debtor"), filed a voluntary petition for relief under Chapter 7 which was assigned to this Court. Richard A. Bartl (the "former trustee") was appointed trustee at the conclusion of the debtor's § 341 meeting on July 1, 1993. The former trustee filed a Report of No Distribution and the Chapter 7 case was closed by order of this Court on May 19, 1994. On that same date, the debtor filed a petition under Chapter 11 which was assigned to Judge Tice.

On March 20, 1995, Lan Tran, a creditor in the debtor's Chapter 7 case, filed a motion to reopen the case alleging that the debtor had failed to schedule certain assets. That motion, along with a motion to dismiss or con-

vert filed by the United States trustee was set for hearing before Judge Mitchell. At the hearing on the motion to reopen, the former trustee joined in Lan Tran's motion. The former trustee represented to the Court that he intended to pursue an avoidance action against Patricia Greene, the sister of the debtor, based on his belief that unscheduled assets had been transferred to her by the debtor prior to the date of the petition. On June 13, 1995, Judge Mitchell entered an order granting Lan Tran's motion to reopen the Chapter 7 case. Judge Mitchell entered a separate order dismissing the Chapter 11 case.

On June 23, 1995, the former trustee filed an adversary complaint under §§ 544, 547 and 548 of the Bankruptcy Code against Greene seeking to avoid certain transfers made to her by the debtor. On July 26, 1995, Greene filed a motion to dismiss the adversary proceeding contending that the former trustee lacked standing to bring the action because he had not been reappointed as trustee in the reopened case. Greene further alleged the adversary proceeding was time barred pursuant to § 546(a)(1) of the Code. The former trustee did not file a written response, but appeared at the hearing and argued the matter.

On August 15, 1995, this Court entered an order granting Greene's motion to dismiss with prejudice. Ruling from the bench, we found that the former trustee did not have standing to pursue the adversary proceeding since he had not been reappointed in the reopened case. Because the order reopening the case did not direct that a trustee be appointed we dismissed the complaint. We further found that the complaint was time barred pursuant to § 546(a)(1) of the Code and the doctrine of laches.

On September 12, 1995, Lan Tran filed a motion before Judge Mitchell requesting that the Court amend its June 13th order to direct the United States trustee to appoint Richard Bartl as the Chapter 7 trustee in the reopened case. Judge Mitchell properly declined to reappoint Richard Bartl as the trustee, and instead amended the order nunc pro tunc June 13, 1995 directing the United States trustee to appoint a trustee to serve in the reopened Chapter 7 case.

Prior to the September 12th hearing before Judge Mitchell, the former trustee filed a timely motion to reconsider this Court's August 15th order dismissing the adversary proceeding. The motion to reconsider was originally set for hearing on September 26, 1995, and continued as a matter of course on the Court's docket when the former trustee was not reappointed as the trustee in the reopened case. On December 27, 1995, Kevin R. Huennekens ("successor trustee") was appointed successor trustee in the reopened case pursuant to Judge Mitchell's September 12th order. In the meantime, Greene filed a suggestion of mootness as to the former trustee's motion for reconsideration on the grounds that he was not reappointed. Following argument by the parties on June 14, 1996, we took the matter under advisement.

## II. DISCUSSION.

The purpose of a motion for reconsideration "is to allow the court to reevaluate the basis for its decision. [Such motions] are appropriate when the court has made an error in interpreting the facts or law or when there has been a significant change in the law or facts since the submission of the issue to the court." *Keyes v. National R.R. Passenger Corp.*, 766 F.Supp. 277, 280 (E.D.Pa. 1991); *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983). Only if the moving party presents new facts or clear error of law which compel a change in the court's ruling will a motion to reconsider be granted. *State of N.Y. v. U.S.*, 880 F.Supp. 37 (D.D.C.1995). After carefully reviewing the entire record in this case and considering the complicated procedural history, we find that this case presents both a significant change in the facts and, consequently, an error in applying the law.

### 1. Trustee's Standing.

Section 350(b) of the Bankruptcy Code allows a bankruptcy court to reopen a case "to administer assets, to accord relief to the debtor, or for other cause." Rule 5010 of the Federal Rules of Bankruptcy Procedure provides that a trustee shall not be appointed

by the United States trustee in a reopened case unless the court determines that a trustee is necessary to protect the interest of creditors and the debtor or to insure efficient administration of the case. Therefore, in the interest of judicial economy, a trustee will not be appointed in a reopened case unless the United States trustee or a party in interest makes such a request. *See* Fed. R.Bankr.P. 5010 advisory committee note.

■ It is clear from the transcript of the hearing on the motion to reopen the case that it was contemplated by the parties and determined by Judge Mitchell that a trustee would be necessary to prosecute any potential preference or fraudulent conveyance claims.[1] In his ruling from the bench granting the motion to reopen, Judge Mitchell stated:

> Under section 350(b) of the Bankruptcy Code a case may be reopened in the Court in which such case was closed to administer assets, to accord relief to the debtor and for other cause. It has been alleged that there is a—and not seriously denied—that there is a potentially preferential transfer here, a transfer that occurred within the preference period. There are some arguments that could be addressed at the trial of this matter on the improvement of position tests and there may be an issue which apparently the trustee still has to determine as to whether, even if the transfer was preferential, that there would be sufficient recovery to justify the expense of bringing a case.
>
> But I'm mindful here that the clock is running very quickly on the trustee's statute of limitations for bringing such a case. I don't think in connection with the motion to reopen that the trustee has to prove that a preferential transfer existed, only that there is reasonable cause to believe that a preferential transfer existed. That the transfers took place, and that they took place within the preference period is

undisputed. The real question gets us down to the nitty gritty details which are, I think, properly resolved in connection with a preference action, if one was brought. Accordingly, I'm going to grant the motion to reopen case no. 93–12280.

Tr. of June 13, 1995 at pp. 23–24.

Following Judge Mitchell's ruling, the parties inadvertently failed to formally request the appointment of a trustee in the reopened case. As a result, the order entered on June 13, 1995 reopening the case did not direct the United States trustee to appoint a Chapter 7 trustee. Judge Mitchell later corrected the order "nunc pro tunc" June 13, 1995 to reflect that a trustee be appointed. Although our ruling that the former trustee did not have standing was correct, the subsequent correction of Judge Mitchell's June 13, 1995 order "nunc pro tunc" is a "significant change in fact" which warrants reconsideration of our ruling.

■ With the June 13th order in effect on the date the complaint was filed, even though the former trustee lacked standing to prosecute this action, dismissal is not mandated by the Rules. Federal Rule of Civil Procedure 17(a), which is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7017, states in pertinent part:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Fed.R.Bankr.P. 7017(a). Thus, upon finding that the former trustee lacked standing, we were not required to immediately dismiss the trustee's action on that basis. Rule 7017 gives the Court discretion to wait to dismiss

---

1. We also note that it is well established that the right to invoke a fraudulent conveyance action under section 544 or 548 of the Bankruptcy Code belongs solely to the trustee or debtor-in-possession as the representative of the estate. *See Sturgeon State Bank v. Perkey (In re Perkey),* 194 B.R. 846, 848 (Bankr.W.D.Mo.1996); *see also* *NBD Bank, N.A. v. Fletcher (In re Fletcher),* 176 B.R. 445, 453 (Bankr.W.D.Mich.1995); *Gerken v. Harris (In re Auxano, Inc.),* 87 B.R. 72, 72 (Bankr.W.D.Mo.1988) ("An action before the Court to set aside a fraudulent transfer must be in the name of the bankruptcy estate as the real party in interest.")

the action until after a reasonable time has passed in which the former trustee has an opportunity to have himself reappointed or to have a successor trustee appointed. *See Sturgeon State Bank v. Perkey (In re Perkey)*, 194 B.R. 846, 848 (Bankr.W.D.Mo.1996).

■ Upon entry of Judge Mitchell's September 12th order directing that a trustee be appointed "nunc pro tunc" June 13, 1995, dismissal on the grounds that the former trustee lacked standing was no longer appropriate. Section 325 makes automatic the substitution of a successor trustee without the effect of abatement of any action pending at the time the vacancy in the trustee's office occurs. *See* 11 U.S.C. § 325. Rule 2012 implements section 325 of the Bankruptcy Code. Fed.R.Bankr.P. 2012 advisory committee note. Rule 2012(b) provides that when a trustee ceases to hold office during the pendency of a case under the Code, the successor is automatically substituted as a party in any pending action, proceeding, or matter. Fed.R.Bankr.P. 2012(b). According to *Collier on Bankruptcy*, Rule 2012 is self-executing:

> Substitution of the successor for the removed trustee is automatic. The successor trustee, upon appointment, becomes the party (as opposed to the predecessor) in any pending suit or other matter. While notice of substitution should be given to other parties to any such suit and to the court, leave to substitute need not be sought since such substitution occurs as a matter of law. During the time the trustee's office is vacant prior to the naming of a successor, there is no abatement of any suit or other matter to which the trustee is a party.

8 Lawrence P. King, *Collier's on Bankruptcy*, ¶ 2012.03 (15th ed. 1996).

Here, the successor trustee was appointed on December 27, 1995. Consequently, applying Rules 7017 and 2012, the successor trustee was automatically substituted as the real party in interest in the adversary proceeding from the date the complaint was filed. To find otherwise would be to give no effect to Judge Mitchell's order correcting the June 13th order.

**2.  *Statute of Limitations under § 546(a).***

■ In our dismissal order, we also found that the former trustee's complaint was barred by the statute of limitations contained in § 546(a) of the Bankruptcy Code. Upon examination of the case law in this Circuit concerning when the statute of limitations begins to run, we reconsider our ruling as an error of law.

Section 546(a) establishes the relevant limitations period for the Successor Trustee's claim against the defendant under section 547 and 548. At the time these proceedings were commenced, section 546(a) stated:

> An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
>
> (1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or
>
> (2) the time the case is closed or dismissed.

11 U.S.C. § 546(a).[2]

In *In re Maxway*, the Fourth Circuit Court of Appeals concluded that the two-year statute of limitations for bringing an avoidance action does not begin to run until the "appointment" of one of the trustees specified in § 546(a)(1). The Fourth Circuit stated:

> [W]hen a debtor files a voluntary petition for relief under Chapter 7, the United States trustee appoints an interim trustee pursuant to 11 U.S.C.A. § 701 (West 1993). *See* 11 U.S.C.A. § 301 (West 1993). Yet, the two-year limitations period for filing an avoidance action does not begin to run until a permanent trustee is selected pursuant to 11 U.S.C.A. § 702 (West 1993). *See* 11 U.S.C.A. § 546(a)(1); *see also Kroh v. T.R.M. Mfg. (In re Conco Bldg. Supplies, Inc.)*, 102 B.R. 190 (9th Cir. BAP

---

**2.** Section 546(a) was amended by the Bankruptcy Reform Act of 1994, H.R. 5116, Pub.L. No. 103–394. However, section 702 of the Act specifies that the amendment to section 546(a) applies only to cases commenced after the date of enactment, October 22, 1994. Section 702, Pub.L. No. 103–394. This bankruptcy case commenced prior to the date of enactment, therefore, we must apply the preamendment version of section 546(a).

1989). Generally, interim trustees assume the limited role of performing administrative functions and preserving the assets of the estate. *See* 4 Lawrence P. King, *Collier on Bankruptcy,* ¶ 701.01 (15th ed. 1994). Thus, they are not as likely as § 702 trustees to commence avoidance actions.

*Maurice Sporting Goods, Inc. v. Maxway Corporation (In re Maxway Corp.),* 27 F.3d 980, 984 (4th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 580, 130 L.Ed.2d 495 (1994); *see also General Electric Capital Auto Lease, Inc. v. Broach (In re Lucas Dallas, Inc.),* 185 B.R. 801, 805 (9th Cir. BAP 1995) (holding that two-year statute of limitations for bringing fraudulent transfer proceedings does not begin to run until election or qualification of permanent trustee at creditor's meeting); *Grella v. Zimmerman (In re Art & Co., Inc.),* 179 B.R. 757 (Bankr.D.Mass.1995) (citing *Maxway* and noting that the overwhelming majority of courts have ruled that the two-year statute of limitations for avoidance actions begins to run on the date that the trustee is designated permanent trustee); *Styler v. Conoco, Inc. (In re Peterson Distributing, Inc.),* 176 B.R. 584 (Bankr.D.Utah 1995) (same).

In this case, the former trustee was appointed the permanent trustee by operation of law at the § 341 meeting of creditors that was held on July 1, 1993. *See* 11 U.S.C. § 702(d). This adversary proceeding was filed on June 23, 1995, less than two years after the appointment of the former trustee. Thus, under the position announced by the Fourth Circuit, this avoidance action was timely filed.

**3.** *Application of The Doctrine of Laches.*

Having concluded that § 546(a)(1) does not bar this action, we recognize that the doctrine of laches is inapplicable. The general rule with regard to the doctrine of laches and avoidance claims is that laches does not operate to bar an otherwise timely avoidance claim because § 546(a) provides a specific statutory time limitation for bringing the action. *See Mancuso v. Continental Bank Nat'l Assoc. Chicago (In re Topcor, Inc.),* 132 B.R. 119, 126 (Bankr.N.D.Tex.

1991); *see also Gross v. Petty (In re Petty),* 93 B.R. 208, 212 (9th Cir. BAP 1988); *Freedom Ford, Inc. v. Sun Bank and Trust Co. (Matter of Freedom Ford, Inc.),* 140 B.R. 585, 587 (Bankr.M.D.Fla.1992). As discussed above, this avoidance action was timely filed within the limitations period imposed by § 546(a). Therefore, the action is not barred by laches as a matter of law.

*CONCLUSION.*

Accordingly, for the reasons stated, this Court's order of August 15, 1995 dismissing this adversary proceeding with prejudice must be vacated.