PAT LETULI, substituted for OLO LETULI, Plaintiff,

v.

MARIA LEITUALA, PETER GEBAUER, M & N INC.,
PAULINE GEBAUER, MAPU JAMIAS, and
ILIGANOA SOGIALO, Defendants.

High Court of American Samoa
Land Titles Division

LT No. 20-01

June 30, 2004

Before RICHMOND, Associate Justice, and LOGOAI, Chief Associate
Judge.

Counsel: For Plaintiff, David P. Vargas
 For Defendants, Asaua Fuimaono

## ORDER DENYING MOTION FOR
## RECONSIDERATION OR NEW TRIAL

We issued an opinion and order for this case on January 29, 2004. In that prior opinion, we considered the location of a boundary between two plots of land. One plot was originally registered to Olo Letuli ("Olo"), and the other plot was originally registered to Maria Leituala ("Leituala"). We held that a substantial portion of the boundary ran on the centerline of a road which the parties had mutually shared, that the parties had easements to use the road, and that the portion of the boundary located near four fales had moved. See the prior opinion and order for the factual background and legal discussion. *Letuli v. Leituala*, 8 A.S.R.3d 207 (Land & Titles Div. 2004).

Plaintiff Pat Letuli ("Letuli"), substituted for Olo, moves for reconsideration or new trial. Defendants Leituala, Peter Gebauer ("Gebauer"), M & N Inc., Pauline Gebauer, Mapu Jamias and Iliganoa Sogialo, (together "Defendants"), also move for reconsideration or new trial on other grounds. For the reasons stated below, we deny both motions.

### Standard of Review

■■■■ Under T.C.R.C.P. 59, reconsideration and new trial standards are identical. We may alter or amend judgment if we have made a "manifest error of law or fact." *See, e.g., Knepp v. Lane*, 859 F. Supp. 173, 175 (E.D. Pa. 1994). We grant a motion for a new trial in a non-jury case only when there has been a "manifest error of law or mistake of fact." *American Samoa Gov't v. South Pacific Island Air Sys., Inc.*, 28 A.S.R.2d 170, 171 (Trial Div. 1995).

### Discussion

At hearing, the parties represented that they primarily contest our findings of fact. We begin with Letuli's issues and address them in numbered paragraphs, as offered to us.

1. Letuli contends that we erred in finding that Gebauer reserved a valid or legal easement or right of way over the road in a deed to Lisa Malae Theno dated December 20, 1996. We did not err. We concluded that Letuli failed to show sufficient evidence of agreement, acquiescence, or estoppel restricting the Defendants' rights to the road. As we had multiple reasons for this conclusion, Gebauer's conveyance did not *by itself* show the Defendants' intent concerning their rights to the road.[1]

---

[1] We find that "R.O.W." on the map attached to the deed indicates a right of way because the letters are placed on the depiction of the road in the

The rights to the road were not *reserved;* the Defendants had the rights and never intended to relinquish them. Moreover, we found the easement to be broad for the reasons stated in our prior opinion, so the transfer did not improperly exceed the scope of the easement.

2. Letuli contends that we erred in finding that the "1990 rock-wall" is where the lautalotalo plantings were located by Leituala to designate the boundary when, in fact, the lautalotalo plantings were located near the "1980 rock-wall" constructed on Olo's behalf. We did not err. The "1990 rock-wall," which we refer to as the fale wall, is located off of the road and near the four fales. The "1980 rock-wall," which we refer to as the north roadside wall, is located next to the road at issue. There are lautalotalo plantings near the north roadside wall. However, we also found that there was vegetation, specifically lautalotalo plants, which antedated the fale wall and formed a line along where the fale wall now stands. We made this finding based on professional surveyor Lawrence P. French's testimony and a 1984 aerial photo of the land taken prior to the construction of the fale wall in 1990.[2] (Defs. Ex. 29.) The dividing line made of vegetation indicates that a change was recognized in that part of the boundary. (*Id.*)

3. Letuli argues that the court erred in finding that implicit with Olo's registration of the land surveyed in 1971 was an acknowledgement that he did not own the disputed road, or only owned a portion of the disputed road. We did not err. Olo's registration only described a claim for half of the road, as indicated by the November 17, 1962 survey of his land that he incorporated in his registration offer. (Ex. 1.) The actual survey attached to the registration is not drawn detailed enough to include the road and ambiguously mentions that the boundary at issue runs "along the road." (Defs. Ex. 17 (description of land attached to Letuli's registration offer, certified to be true copy Sep. 12, 2002).) However, the attached survey was "reduced and described by" the November 17, 1962 survey of Olo's land, thereby incorporating the November 17, 1962 survey to describe the land offered for registration. (*Id.*) Also, the attached survey and the November 17, 1962 survey reference the same starting point, azimuths, and distances to describe the land. (Defs. Ex. 1; Defs. Ex. 17.) The November 17, 1962 survey depicts the boundary as running roughly down the center of the road. (Defs. Ex. 1.) Even if the November 17, 1962 survey of Olo's land fails to depict the road accurately, we find that Letuli is bound by it because Olo incorporated it in his offer for registration. Furthermore, the other

---

deed and because the finding is supported by testimony offered by the Defendants.

[2] The vegetation line is located underneath where the fale wall is depicted on the photo overlay. The fale wall is depicted by a solid black line and is labeled "ROCK WALL."

surveys in evidence, offered by Letuli and the Defendants, consistently show that Olo could not claim the entire road, for the surveys depict the boundary lying on the road for significant distances. (*See* Pl. Ex. 1; Pl. Ex. 2; Defs. Ex. 2; Defs. Ex. 4 (attached survey to registration of land, Aug. 14, 1971); Defs. Ex. 7; Defs. Ex. 8; Defs. Ex. 12; Defs. Ex. 21 (attached survey); Defs. Ex. 28; Defs. Ex. 33.)

4. Letuli argues that we erred in finding a purposeful division of the road because both parcels of land were recorded around the same time. We did not err. We did not rely on the *recording* of the registrations but on the *offering* of the registrations.

5. Letuli argues that we erred in finding that failure to assert full ownership at the time of both registrations constitutes affirmative approval by Olo or Leituala of a reciprocal easement. We did not err, but should have been clearer. Our prior opinion should not be read to mean that the Olo and Leituala approved a reciprocal easement. We were not creating a new type of common law easement, which would be known as a "reciprocal easement." Rather, we concluded that there were two separate easements, which we described as reciprocal because of the circumstances of their creation. Letuli has an easement by estoppel over the Defendants' portion of the road. Conversely, the Defendants have an easement by estoppel over Letuli's portion of the road.

 We found affirmative approval of each easement from Letuli's and Leituala's failure to act when obligated. "A party's silence, for example, will work an estoppel if, under the circumstances, he has a duty to speak." *United States v. Georgia-Pacific Co.*, 421 F.2d 92, 97 (9th Cir. 1970). Anyone who fails to object to a registration offer cannot later claim ownership of properly registered land. *Ifopo v. Siatu'u*, 12 A.S.R.2d 24, 26 (App. Div. 1989). Therefore, failure to object to the boundaries described in a registration offer communicates approval of the offered boundaries to the person seeking registration. In this case, failure of Olo and Leituala to object to the land registration of the other communicated approval of the boundary along the center of the road. As discussed in our prior opinion, because the boundary lies at the center of the road, a communication of approval for the boundary also signals approval of the other's use of the road.

 6. Letuli essentially argues that we erred in finding that Olo failed to object to Leituala's registration offer for part ownership of the road or to Leituala's intent to permanently use the road, because Olo had no notice or knowledge of the fact of the survey and no contemporaneous knowledge that the land was being registered by Leituala upon which to base any such objections. We did not err, because Olo had constructive notice of the registration. Constructive notice "is just as effectual for the protection of the rights of the parties as an actual notice." 66 AM. JUR.

279

2D *Records and Recording Laws* § 102 (1973). Furthermore, constructive notice "is based on the premise that a person has no right to shut his eyes or ears to avoid information and then say he had no notice." 58 AM. JUR. 2D *Notice* § 8 (1989). After the filing of a registration offer, notice is published according to A.S.C.A. § 37.0103 and is available for inspection at the Office of the Territorial Registrar. Under A.S.C.A. § 37.0210, "due registration of an instrument relating to land or an interest therein shall be notice of the contents." When the registrations became registered after following statutory publication requirements, Olo and Leituala had constructive knowledge of the other's registration by statute.

Letuli's contended lack of contemporaneous knowledge fails to compel reconsideration or a new trial. Notice of the registration was imparted by publication throughout the 60-day notice period as required by statute. Concurrently, approval of the boundary and easement was communicated by failing to object throughout the 60-day notice period. Upon due registration, we are able to find that Olo constructively had knowledge of Leituala's boundary and easement, and had communicated his approval.

7. Letuli argues that we erred in finding that the Defendants did not acquiesce to Olo's relocation of the boundary by building the north roadside wall because the evidence showed that the Defendants' use of the road arose from Olo's express permission and not as a result of a claim of entitlement or ownership. We did not err. We balanced the available evidence and found the evidence indicating that the boundary had not moved to be more credible and convincing. Furthermore, as Olo owns a portion of the road, his permission to use the road acts to affirm the established easement and does not demonstrate intent to move the boundary.

8. Letuli argues that we erred in concluding that the parties recognized a boundary that lies along where the fale wall is currently located. Our conclusion was correct for the reasons stated in our prior opinion.

9. Letuli argues that we erred in finding that the common boundary between the parcels is a reasonable approximation of where the original surveyors located the boundary. We did not err. After searching for the boundary intended by the parties that divided the land, we found that the expert witness surveyors could not accurately locate the boundary between the land plots. As a result, we were forced to determine the location of the boundary. We reasonably determined the boundary to follow the centerline of the road. In making our determination, we considered the evidence presented at trial, primarily surveys and testimony. (Pl. Ex. 1; Pl. Ex. 2; Defs. Ex. 2; Defs. Ex. 1; Defs. Ex. 4; Defs. Ex. 7; Defs. Ex. 8; Defs. Ex. 12; Defs. Ex. 17; Defs. Ex. 21; Defs.

Ex. 28; Defs. Ex. 33.) The surveys show the boundary line lying on the road for significant distances. We find the two 1962 surveys particularly convincing, because they are the first-in-time surveys offered in evidence and are incorporated by reference in both Olo's and Leituala's land registrations. (Defs. Ex. 4; Defs. Ex. 17.) Both 1962 surveys depict the boundary as running roughly down the center of the road. (*Id.*) Though the depiction of the road in the surveys may be slightly inaccurate, we find the weight of the surveys determinative of the boundary being on the road, making it fair to divide the road in half for the reasons stated in our prior opinion.

10. Letuli argues that we erred in concluding that both Olo and Leituala obtained easements by estoppel over their respective un-owned portions of the disputed road. We disagree. Based on the evidence presented at trial, and discussed in our prior opinion and here, we find all of the elements for two easements by estoppel. Land registration does not normally evidence the creation of easements; yet, the circumstances here compel the conclusion that the parties have easements by estoppel.

As for the Defendants' arguments, we did not err in finding no interference with business or in declining to order removal of the north roadside wall. The Defendants fail to give any argument stating why our decision concerning their interference with business claim is wrong. Leaving the wall in place is proper for the reasons stated in our prior opinion. Furthermore, the Defendants' arguments concerning equitable and practical reasons for moving the wall are meritless, because the road has been used with the wall in place for years without objection from any of the defendants.

### Order

1. Letuli's motion for reconsideration or new trial is denied.

2. The Defendants' motion for reconsideration or new trial is denied.

It is so ordered.