**In re ALL CASES in Which Robin L. MUSHER is Counsel of Record, Debtor,**

**Rishor Simone, Movant,**

v.

**No Respondent.**

**No. 05–00202/TPA.**

**Document No. 193.**

United States Bankruptcy Court, W.D. Pennsylvania.

Aug. 4, 2008.

## MEMORANDUM ORDER

THOMAS P. AGRESTI, Bankruptcy Judge.

On May 28, 2008, the Court entered a Memorandum Opinion and Order at Document No. 187 ("Memorandum Opinion and Order")[1] granting the *Motion for Approval and Payment of Professional Fees in Chapter 13 Cases and Expenses Application Filed on Behalf of Rishor Simone Pursuant to Court Order Dated August 20, 2007* filed in the within matter at Document No. 148 ("Fee Application"). In the process, the *Objections to Fee Applications* filed at Document No. 153 ("Objections") by Robin L. Musher, a/k/a Robin L. Grassel and Robin L. Grassel, LLC ("Musher") which opposed a number of the specific fee requests claimed in the *Fee Application,* were denied. On June 11, 2008, Musher filed a ***Motion for Reconsideration of Order Dated May 28, 2008*** at Document No. 193 ("Motion"). For the reasons stated on the record at the July 28, 2008 argument on the *Motion,* as further explained briefly below, the *Motion* will be ***DENIED.***[2]

As an initial matter, the *Motion* itself does not set forth the Rule or other basis under which it was filed. Counsel for Musher provided no further elucidation on this point at the time of argument. The *Motion* asks the Court to reconsider its May 28, 2008 Order. *See Memorandum Opinion and Order.* The Court therefore presumes that the *Motion* is properly treated as one brought pursuant to *Fed.R.*

---

1. The *Memorandum Opinion and Order* is reported at *In re All Cases of Musher,* 387 B.R. 669 (Bankr.W.D.Pa.2008).

2. The Court's jurisdiction under *28 U.S.C. §§ 157* and *1334* has not been placed at issue. This is a core proceeding pursuant to *28 U.S.C. §§ 157(b)(2)(A).*

*Civ.P. 59(e)*, that is, a motion to alter or amend a judgment, made applicable in the bankruptcy context by *Fed.R.Bankr.P. 9023. See, e.g. Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir.1986) (motion denominated as a motion for reconsideration would be treated as functional equivalent of a motion under *Rule 59(e)); In re J.A.R. Barge Lines, L.P.*, 2007 WL 916876 *1 (W.D.Pa.2007).[3]

The applicable standard to be applied in deciding a motion that seeks to alter or amend a judgment was succinctly stated by the court in *In re Savoie*, 2006 WL 893610 (Bankr.E.D.Pa.2006) as follows:

A motion for reconsideration is governed by Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 59(e) which is applicable in bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 9023. The scope of Rule 59(e) is very narrow. *Miller v. USA Waste Services, Inc. (In re Eagle Enterprises, Inc.)*, 259 B.R. 73, 77 (Bankr.E.D.Pa.2001). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 908 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). "Federal district courts should grant such motions sparingly because of their strong interest in finality of judgment." *Seleras[Selaras] v. M/V Cartagena de Indias*, 959 F.Supp. 270, 272 (E.D.Pa.1997) ... As the district court explained in *Keyes v. National Railroad Passenger Corporation*, 766 F.Supp. 277 (E.D.Pa.1991):

The purpose of a Rule 59(e) motion is to allow the court to reevaluate the basis of its decision.... Motions for reconsideration are not at the disposal of an unsuccessful party to "rehash" the same arguments and facts previously presented.

*Id.* At 280 (citations omitted). *See also Reich v. Compton*, 834 F.Supp. 753, 755 (E.D.Pa.1993), *aff'd in part, rev'd in part on other grounds*, 57 F.3d 270 (3rd Cir.1995). The court in *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D.Va.1977), stated that "[w]hatever may be the purpose of Rule 59(e) it ... [was not] ... intended to give the unhappy litigant one additional chance to sway the judge." A party may not submit evidence that is not newly discovered in

---

**3.** There is a strict time limit for motions filed pursuant to *Fed.R.Bankr.P. 9023*. Such motions must be filed no later than 10 days after entry of the judgment in question and the Court is not permitted to enlarge the allowed time for filing such a motion. *See Fed. R.Bankr.P. 9006(b)(2)*. Furthermore, the timeliness of such a motion is jurisdictional, so that an untimely motion would deprive the Court of subject matter jurisdiction to hear and decide it. *See, e.g., VFB, LLC v. Campbell Soup Co.*, 336 B.R. 81, 85 (D.Del.2005), *aff'd* 482 F.3d 624 (time limit on motions to alter or amend judgments is jurisdictional and the time limit may not be enlarged or waived). At the oral argument on the Motion, the Court commented that it appeared the *Motion* had been untimely filed. When the Court made its comment it was under the assumption that the Motion had not been filed until June 11, 2008, and therefore the 10–day deadline had not been met. However, closer review of the docket shows that Musher originally filed a motion for reconsideration on June 9, 2008, Document No. 190, which was dismissed by the Court *sua sponte* the next day for failure to comply with the Court's *Local Rules* related to captioning requirements. This original motion was timely filed since June 9th was the first weekday after June 7, 2008, a Saturday, and the 10th day after entry of the judgment. *See Fed.R.Bankr.P. 9006(a)* for the method used to compute time. The order of dismissal, Document No. 192, provided that the dismissal was without prejudice and that Musher was given until June 13, 2008 to file a corrected motion, which she did on June 11th when she filed the *Motion* under present consideration. In light of this, the filing of the *Motion* is deemed to relate back to June 9th and therefore it was timely filed with the Court retaining jurisdiction over it.

support of a motion for reconsideration. *Harsco,* 779 F.2d at 909.

*Id.* at *1–2 (footnote omitted). *See also, e.g., In re Eagle Enters., Inc.,* 259 B.R. 73, 82 (Bankr.E.D.Pa.2001) (purpose of a motion for reconsideration is not to reargue a point previously lost); *In re Reading Broad., Inc.,* 386 B.R. 562, 567 (Bankr. E.D.Pa.2008) (motion under Rule 59(e) may be granted if there has been an intervening change in controlling law, if new evidence becomes available, or to correct a clear error of law or fact or to prevent manifest injustice). With this rather high standard in mind, the Court turns to a review of the *Motion.*

Musher raises three substantive issues in the *Motion.* She first points to the Court's comment in the *Memorandum Opinion and Order* that she had actually been paid fees in six of the enumerated cases which fees were over and above the fee stated in each of the statements required to be filed pursuant to *Fed. R.Bankr.P.2016* ("2016 Statements"). Thereafter, she notes in her *Motion* that the Court failed to consider that such fees were paid with Court approval. *See Motion* at ¶¶ 3(a), (b). It may be true that prior approval occurred,[4] but as noted in the *Memorandum Opinion and Order,* such event is irrelevant to entry of the Judgment Order at issue. *See: In re All Cases of Musher,* 387 B.R. 669 (Bankr. W.D.Pa.2008) at 675. The Court merely made the comment in question because Musher had previously alleged that she had *not* received any fees beyond those shown in the *2016 Statements* and Respondent Simone had challenged the accuracy of that allegation. (*See Response to Report of Gary H. Simone, Esquire of his Review of 2016 Statements,* Document No. 176, at ¶ 9; *Reply to the Response to Re-*

*port of Gary H. Simone, Esquire of His Review of 2016 Statements,* Document No. 182, at ¶ 9).

Musher herself apparently now concedes that Respondent Simone was correct in that regard and the allegation she made was incorrect. In any event, the question of whether there had been prior Court approval for these additional payments was not a relevant factor in the Court's decision. *Id.,* at 675. This is further confirmed by the fact that the Court recognized that requiring disgorgement of funds previously received by Musher could be justified as an appropriate sanction in this case, but that such a "severe step" would not be taken. *Id.* at 676. Had the Court been laboring under a misapprehension that Musher had received these additional attorney fees without Court approval, it is extremely unlikely such leniency would have been shown.

Musher next argues that the Court erred "in determining that the engagement letters in the eleven cases in which such letters were produced were sufficiently clear to the clients to advise them of the exact scope of representation and the financial terms of the engagement consistent with the Pennsylvania Rules of Professional Conduct." *See Motion* at ¶ 3(c). The intent of this statement is somewhat obscure.

The Court did find that seven of the 11 fee engagement letters in question were not sufficiently clear to effectively advise the clients as to the terms of the respective fee agreement but that the remaining four letters were at least arguably clear enough to merit further consideration. 387 B.R. at 674–676. The Court assumes that by Paragraph 3(c) of her *Motion,* Musher is arguing that the Court should

---

4. The Court has not taken the time to independently verify that assertion but is willing

to accept Musher's representation in this regard.

have found *all* of the letters to be sufficiently clear. The Court is satisfied that it properly analyzed the 11 letters in the *Memorandum Opinion and Order.* However, even if the Court were to adopt Musher's argument on this point it would be of no avail to her since she would be denied additional compensation in any event because the *2016 Statements* she filed (and never amended) indicated that the fee shown was for *all* the work related to the bankruptcy. *Id.* at 674–676.

Finally, Musher argues that the Court erred in applying *In re Berg,* 356 B.R. 378 (Bankr.E.D.Pa.2006) to the facts of this case because the attorney in that case, unlike here, had received compensation from the debtor without prior court approval. The Court does not believe that the holding in *Berg* was intended to be so narrow.[5] Rather, the Court agrees with the argument of Respondent Simone, substitute counsel in these cases, that *Berg* is best characterized as creating a broad rule highlighting the importance of *2016 Statements* in the bankruptcy attorney fee process. The fact that the attorney involved in *Berg* received compensation from his client without court approval was simply an additional factor supporting the outcome in that case.

To sum up, Musher has not advanced any sufficient reason why the Court should alter or amend its prior *Memorandum Opinion and Order.* She has pointed to no change in controlling law or newly discovered evidence. She has not shown any manifest error of law or fact made by the Court. As was true with the unsuccessful movant in *Eagle Enters., supra,* Musher is essentially just rearguing a matter she

previously lost without providing any new evidence to support a different result. *See* 259 B.R. at 82.

***AND NOW,*** this ***4th*** day of ***August, 2008,*** for the above reasons and those stated on the record at the July 28, 2008 argument, Movant Robin L. Musher, a/k/a Robin L. Grassel and Robin L. Grassel, LLC has failed to convince the Court that the Judgment Order previously entered in this matter should be reconsidered. Therefore,

It is hereby ***ORDERED, ADJUDGED and DECREED*** that the ***Motion for Reconsideration of Order Dated May 28, 2008*** filed at Document No. 193 is ***DENIED*** for the reasons stated.

---

5. Furthermore, it should be made clear that *Berg* is not a binding precedent on this Court. The Court has chosen prudentially to follow the holding in *Berg* because of the persuasive value of the analysis provided by Judge Sigmund. It is up to this Court to determine to

what extent *Berg* should be applied. For Musher to argue that the Court has somehow misconstrued the *Berg* holding implies the Court is bound by that case and misses the mark in that regard.